IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 28 PM 4:23
CLERK_____
SO. DIST. OF GA.

RUSSELL WAYNE MATTHEWS,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV511-060

BERRY GOODRICH; PEGGY COOPER;
DEBORAH MOORE; BRIAN OWENS;
and DR. SHARON LEWIS,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Wheeler Correctional Facility in Alamo, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

While housed at Coffee Correctional Facility, Plaintiff punched his cell wall on November 15, 2009, and injured his hand. He says a bandage and splint were placed on his wrist. Plaintiff said he received x-rays and physical therapy. Plaintiff states that in April of 2010, he was told that his hand did not need further treatment. Plaintiff expresses displeasure with the medical treatment he received and says his right hand cannot grasp as strongly as his left hand.

Plaintiff names Warden Barry Goodrich; Deputy Warden of Care and Treatment, Peggy Cooper; Health Services Administrator, Deborah Moore; Commissioner Brian Owens; and Medical Director of Georgia Department of Corrections, Sharon Lewis as defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has not set

forth any specific factual allegations against any of the named defendants. It appears that Plaintiff attempts to hold these defendants liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Deliberate indifference to serious medical needs by prison personnel may constitute an Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir.1991). To prove he was denied medical treatment in violation of the Eighth Amendment, Plaintiff must show (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000); Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).

The facts as set forth in Plaintiff's complaint at most allege negligence. Plaintiff alleges medical misjudgment or misunderstanding, rather than the deliberate denial of medical care. A complaint alleging only negligence in diagnosing or treating a prisoner's medical condition does not state a valid claim of medical mistreatment in violation of the Eighth Amendment. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir.1999).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED** for failing to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 28th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE